IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELAINE WHIGHAM WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1587-L-BN |
| | § | |
| CITY OF DALLAS POLICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elaine Whigham Williams – for the third time – brings a *pro se* civil rights action based on events that occurred in March 2013. *See* Dkt. No. 1; *Williams v. Marsh McLennan Cos.*, No. 3:18-cv-1035-N-BN, 2018 WL 2773380 (N.D. Tex. Apr. 26, 2018), *rec. accepted*, 2018 WL 2766148 (N.D. Tex. June 8, 2018) ("*Williams I*"); *Williams v. Tex. Dep't of Family Prot. Servs.*, No. 3:19-cv-674-M-BN, 2019 WL 1517337 (N.D. Tex. Mar. 21, 2019), *rec. accepted*, 2019 WL 1515240 (N.D. Tex. Apr. 8, 2019) ("*Williams II*").

This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Court has granted Williams leave to proceed *in forma pauperis* ("IFP"). And the undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B) and issue an appropriate vexatious

litigant warning.

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The claims presented now "are duplicative of claims already asserted and dismissed in" *Williams I* and *Williams II*. *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious." (citations and internal quotation marks omitted))).[1]

---

[1] *See also Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

Williams admits as much. *See* Dkt. No. 1 at 5. But she argues that it was not until February 2019 that she "became aware that she had suffered a loss under" 42 U.S.C. § 1983 and that on June 28, 2019 that she "became aware that this loss occurred" because of

> the action of an Officer Grimes as a part of the CBP also known as Custom and Border Patrol in the State of Texas whom had set up an internal checkpoint at the Defendant Medical City Hospital in an attempt to unlawfully [separate] "families." The Defendants along with Defendant Texas Department of Families became one of 170 internal inland "Custom and Border Patrol Check Points" calling their operation "LA."

Dkt. No. 1 at 5-6; *see also id.* at 6 ("The Plaintiff was unaware that the injury she suffered was due to the wrongdoings of City of Dallas Police Officer Grimes and Defendant Texas Department of Family Protective Service Torrie Miller due to a blatant violation under [Section 1983].").

But Williams made allegations regarding Grimes and Miller in her first lawsuit. *See Williams I*, 2018 WL 2773380, at *1 ("Williams further contends that the defendants 'followed and surveilled [her] for several weeks before she was ambushed by Officer Grimes and [Tori] Miller' – fictional characters on the television series *The Walking Dead* – 'who [were] pretending as state actors that they seizing a Zombie." [Compl.] at 10; *see also generally id.* (making multiple references to The Walking Dead).").

So, regardless how she now chooses to label her claims, they accrued long before June of this year. *See, e.g., Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("[T]he limitations period begins to run 'the moment the plaintiff becomes aware that he has

suffered an injury or has sufficient information to know that he has been injured.'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))).

More fundamentally, Williams's argument fails to explain why she could not have included these claims in *Williams I*, as the factual allegations she made then, made in *Williams II*, and makes again now are all "based on the 'same nucleus of operative facts.'" *Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)); *see, e.g., Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

Simply put, "declaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (citation omitted).

And given that, if the Court accepts or adopts this recommendation, this will be the third time that the Court has summarily dismissed an action filed by Williams based on the same factual allegations, if the Court accepts or adopts this recommendation, the Court should also warn her that future litigation asserting claims based on these factual allegations – whether filed in this Court, filed in state court and

removed to this Court, or filed in another federal court and transferred to this Court – could subject her to sanctions, including the Court imposing monetary sanctions and/or precluding her from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B) and issue an appropriate vexatious litigant warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE